Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4103 | **DATE** | 10/7/2010 |
| **CASE TITLE** | Vickie Bell vs. Board of Education of Proviso Township High Schools District 209, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed *in forma pauperis* [4] is denied. This complaint is dismissed for lack of jurisdiction. Case dismissed. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff, Vickie Bell, filed this law suit against the Board of Education of Proviso Township High School District 209 ("the Board"), Steven Bierig, Steven Yokich, Holly Tomchek and Thomas Smith, along with a motion for leave to proceed *in forma pauperis* (IFP). She alleges that the defendants are all responsible for her not being paid an arbitration award made to her by Bierig on April 20, 2010. She alleges, "All parties failed in its [*sic*] duty of fair representation, and the those [*sic*] that were to represent me were purely in violation of Section 14(b)(1) of the Educational Labor Relations Act ["ELRA"]." An arbitration award attached to the complaint reflects that an arbitration proceeding was instituted by Illinois Federation of Teachers Local 571 on behalf of plaintiff against the Board. Among other directives in the award, the Board was ordered to reinstate plaintiff to employment with the Board and pay her back wages of $125,437.00 within 15 business days. Plaintiff alleges that the Board has reinstated her but has failed to pay the back wages, and she alleges that all defendants have failed to seek confirmation of the arbitration award.

In assessing any complaint, the court must first determine whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998)("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted); *Hay* v. *Indiana State Bd. of Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte,* they must."). Plaintiff does not allege any specific basis for the court's jurisdiction. Because she cites breach of the duty of fair representation and ELRA and seeks enforcement of the arbitration award, the court has examined possible bases of jurisdiction from these standpoints.

ELRA is an Illinois law governing labor relations between educational employers and their employees' collective bargaining representatives (unions). See 115 Ill. Comp. Stat. 5/1 *et seq*.[1] Plainly, ELRA is not a

| STATEMENT |
|---|
| federal law that might lend a basis for plaintiff to file her case in federal court.  In any event, under ELRA unions do have, as plaintiff claims, a duty of fair representation.  *See Jones* v. *Illinois Educational Labor Relations Bd.,* 272 Ill. App.3d 612, 619, 650 N.E.2d 1092, 1097, 209 Ill. Dec. 119, 124 (1995), quoting *Air Line Pilots Association International v. O'Neill*, 499 U.S. 65, 74, 111 S. Ct. 1127, 1133, 113 L. Ed.2d 51 (1991) ("The duty of fair representation 'proceeds directly from the union's statutory role as exclusive bargaining agent.'"). An individual union member may assert breach of the duty of fair representation before the Illinois Labor Relations Board, *see* 115 Ill. Comp. Stat. 5/15, and thereafter may obtain judicial review in an appropriate Illinois court.  *See id.* at 5/16. Indeed, plaintiff's sole recourse for enforcement of the arbitration award lies with ELRB.  *See Bd. Of Educ. Of Cmty. Sch. Dist. No. 1, Coles County* v. *Compton*, 526 N.E.2d 149, 152, 123 Ill. 2d 216, 122 Ill. Dec. 9 (1988) (circuit court had no jurisdiction to vacate or enforce an arbitrator's award because original jurisdiction belonged exclusively to ELRB).  As such, there is without doubt no basis for a federal court to assume jurisdiction over this case. |

1.. Section 14(b)(1), on which plaintiff relies, prohibits an employee organization from "[r]estraining or coercing employees in the exercise of the rights guaranteed under this Act, provided that a labor organization or its agents shall commit an unfair labor practice under this paragraph in duty of fair representation cases only by intentional misconduct in representing employees under [ELRA]." In addition, section 14(a)(8) prohibits an educational employer, their agents and representatives from "[r]efusing to comply with the provisions of a binding arbitration award."